**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KATHY DINE,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; THE BOEING EXTENDED DISABILITY BENEFITS PLAN; BOEING MEDICAL PLAN; BOEING LIFE INSURANCE PLAN; BOEING PENSION/RETIREMENT PLAN,<br><br>        Defendants - Appellees. | No. 09-56761<br><br>D.C. No. 2:05-cv-03773-RSWL-PLA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted August 1, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and PANNER, Senior
District Judge.**

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The Honorable Owen M. Panner, Senior District Judge for the U.S. District Court for Oregon, Portland, sitting by designation.

Kathy Dine brought this ERISA action against Metropolitan Life Insurance Company ("MetLife"), the administrator of her former employer's long-term disability benefits plan. She contends the plan abused its discretion by terminating her long-term disability benefits. We agree and reverse and remand for further proceedings.

It is undisputed that MetLife's denial of benefits is reviewed for abuse of discretion, and that MetLife has a structural conflict of interest because it "both evaluates claims for benefits and pays benefits claims." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008). When structural conflict exists "the court must consider numerous case-specific factors, including the administrator's conflict of interest, and reach a decision as to whether discretion has been abused by weighing and balancing those factors together." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 630 (9th Cir. 2009). "[A] higher degree of skepticism is appropriate where the administrator has a conflict of interest." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011). The administrator has the burden of proving that the conflict of interest did not improperly influence its decision. *See Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1295 (9th Cir. 2010).

Here, three circumstances cause us to conclude MetLife abused its discretion. First, the record indicates MetLife notified Dine by letter that it was "presently reviewing your claim" and stated that if "additional information is needed to complete our review, we will notify you accordingly." Notwithstanding those statements, MetLife shortly thereafter denied Dine's appeal, stating that she had submitted insufficient evidence. Second, MetLife's determination that Dine was not disabled contradicted the opinion of her treating physician. Third, MetLife ignored its own reviewing physician's advice to order an independent medical examination.

Given these circumstances, we conclude the administrator's decision was "without support in inferences that could reasonably be drawn from facts in the record." *Salomaa*, 642 F.3d at 676. Accordingly, we reverse and remand to the district court to enter judgment in favor of Dine and to order reinstatement of her long-term disability benefits "until the administrator properly applies the plan's provisions." *Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213, 1221 (9th Cir. 2008).

**REVERSED and REMANDED**.